# United States District Court

for the

## Eastern District of New York

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Malcolm X. Bell          **Case Number:** 02-CR-123

**Name of Sentencing Judicial Official:** The Honorable John Gleeson, U.S. District Judge

**Date of Original Sentence:** September 6, 2002

**Original Offense:** "Felon in Possession of a Firearm," in violation of 18 U.S.C. 922(g).

**Original Sentence:** Twenty-Four (24) Months Custody, Three (3) Years Supervised Release, and a $100 Special Assessment.

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** July 12, 2004

## PETITIONING THE COURT

☐ To extend the term of supervision for years, for a total term of years.

☒ To modify the conditions of supervision as follows:

*"For a period of 60 days, the defendant shall reside in a Community Confinement Center (CCC) approved by the Probation Department. While in the CCC, the defendant shall adhere to all rules and conditions established by the CCC, including the payment of subsistence costs."*

DISTRICT COURT

2005 NOV 22 P 4: 04

FILED

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

Prob. 12B / Page 2

## CAUSE

By way of background, on January 31, 2005, the offender executed a waiver of hearing to modify the conditions of his Supervised Release term to include the imposition of a curfew for 90 days. The Probation Department requested this modification due to the offender's unstable residential situation and a domestic dispute involving the mother of his two sons. Your Honor authorized the aforementioned modification of the offender's Supervised Release term, however, as a result of his noncompliance with the conditions of the curfew, we recommended that he serve the remaining period of 48 days, under home confinement via electronic monitoring. The offender executed a waiver of hearing to modify the conditions of his Supervised Release term to include this intermediate sanction, which the Court ordered on August 22, 2005.

In October 2005, our office submitted a status report to Your Honor advising of the offender's local conviction for violating an Order of Protection, as well as his non-compliance with the conditions of the home confinement program,. Specifically, on several occasions he left his residence prior to a pre-approved time-out and/or returned late. We recommended that no action be taken at that time, however, the offender was forewarned that any further non-compliance would result in our recommendation for his placement in a community corrections center. The offender continued to arrive home late from pre-approved time-outs, and, on Sunday, November 6, 2005, he left his residence without prior authorization for a six (6) hour time period. When confronted with this violation of his home confinement terms, the offender reported that he requested and received permission to leave his residence to attend religious services. The home confinement staff, however, advised that he did not request nor receive such authorization.

On November 14, 2005, the offender executed a waiver of hearing (attached) to modify the conditions of his Supervised Release term to include a sixty (60) day period of confinement in a community corrections center. It is the position of the Probation Department that the imposition of such an intermediate sanction is an appropriate response to the offender's continued non-compliance with the conditions of his supervision term.

Respectfully submitted:
by

Laura A. Tait
U.S. Probation Officer
Date: 11/17/05

George Doerrbecker
Deputy Chief U.S. Probation Officer
Date: 11/17/05

THE COURT ORDERS:

☐ No Action

☒ The Modification of Conditions as Noted Above

☐ Other

s/John Gleeson
Signature of Judicial Officer

11-18-05
Date